### KING NORRIS v. THE STATE.

No. 14727. Delivered January 20, 1932.

The opinion states the case.

*Earle Kuntz,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

The facts show without dispute that appellant sold whisky, on the occasion in question, to the two purchasers named in the indictment.

There are four bills of exception, in each of which complaint is made of argument of the state's attorney. The language complained of in the first bill of exception is as follows: "If you object to this man selling poison whisky,—you give that man five years." It appears from the bill that the court told the jury not to consider such remark. The act of the court in so instructing the jury is all that appears in the bill from which we might conclude that such language was used. There is nothing in the bill which shows the surroundings or setting of said argument, nor are any of the facts supporting or discrediting such statement, set out in the bill. We do not believe the statement of such injurious effect as should call for a reversal. There is nothing in any of the three remaining bills of exception,—in all of which it is stated that the court refused requested instructions that the argument be not considered,—from which we obtain knowledge either that the remark objected to was made, or that if made it was not warranted by the facts before the jury. Reading the charge of the court without comment, has never been held an error which would call for reversal.

It appears that the court heard evidence, upon the hearing of the motion for new trial, on the alleged misconduct of the jury in referring to the failure of the appellant to testify. The jurors who testified were in practical accord, stating, in effect, that one juror did express himself in regard to the appellant's failure to testify. The jurors all agreed that this one reference was promptly suppressed and the matter was not discussed at all. The jurors were not in agreement as to what was said by the juror, and the action of the trial court in passing upon the weight of the testimony of said jurors appears to have abundant support, and we would not feel at liberty to hold that there is any evidence of an abuse of discretion on the part of the trial court in overruling the motion for new trial.

No error appearing, the judgment will be affirmed.

*Affirmed.*